**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**MICHAEL W. BURRIS**                                                                 **PETITIONER**

**V.**                               **CASE NO. 2:18-CV-9-JM-BD**

**GENE BEASLEY, Warden,
Federal Correctional Institution-Low,
Forrest City, Arkansas**                                                               **RESPONDENT**

**RECOMMENDED DISPOSITION**

**I.**   **Procedure for Filing Objections**:

This Recommended Disposition ("Recommendation") has been sent to Judge James M. Moody Jr. Any party to this suit may file written objections with the Clerk of Court within 14 days of filing of the Recommendation. Objections must be specific and must include the factual or legal basis for the objection.

By not objecting, any right to appeal questions of fact may be jeopardized. And, if no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record.

**II.**   **Background:**

Petitioner Michael W. Burris filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241. (Docket entry #1) Mr. Burris is in the custody of the Bureau of Prisons ("BOP") at the Federal Correctional Complex in Forrest City, Arkansas.

In his petition, Mr. Burris complains the BOP has wrongly designated him with a sex offender Public Safety Factor ("PSF") based on a presentence report that was later

supplemented. He asserts the PSF designation affects his eligibility to be transferred to a minimum security facility, his custody classification, and his ability to be transferred to a facility closer to his family. (#1 at 4-5) Mr. Burris claims that, as a result of the BOP assigning him a PSF designation, he has been denied due process and the Respondent has violated the Privacy Act. (#1 at 8) (citing 5 U.S.C. 552(a)).

### III.   Discussion:

A writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and. . .the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus is the appropriate remedy when a claim "goes directly to the constitutionality of physical confinement or the shortening of its duration." *Id.* at 489.

Mr. Burris's challenge is based on a 1977 incident in which he and a co-defendant were charged with assault and battery with the intent to gratify sexual desires. According to Mr. Burris, his co-defendant pleaded guilty to the original charge, but he went to trial and was found guilty of assault only. (#1 at 4) Mr. Burris theorizes that the BOP "mistook the information from my PSI [Pre-Sentence Investigation report] and labeled me a Sex Offender and Placed a Public Safety Factor on my Custody Classification Form . . ." (*Id.*) Mr. Burris alleges that he requested an amendment to his PSI.

Mr. Burris's claims are not cognizable under 28 U.S.C. § 2241 because they do not go directly to the constitutionality of his confinement or its duration. Where Mr. Burris serves his sentence and his designation while serving it does not fall under § 2241's purview. See *e.g., Triplett v. Haynes*, No. 2:13-CV-41-JTK-SWW, 2014 WL

2946074, at *2 (E.D. Ark. June 30, 2014); *Rodebaugh v. Haynes,* No. 2:13–CV–11–DPM–BD, 2013 WL 1001436 (E.D. Ark. March 13, 2013) (order adopting Recommended Disposition, 2013 WL 1003676, 2 (February 12, 2013)); *Wilks v. Mundt,* 25 F. App'x 492, 2002 WL 113837 (8th Cir. 2002)(unpublished opinion). On the other hand, "constitutional claims that merely challenge the conditions of a prisoner's confinement ... fall outside of that core." *Nelson v. Campbell,* 541 U.S. 637, 643, 124 S.Ct. 2117, 2122 (2004). [1]

Mr. Burris claims that, as a result of the BOP giving him a sex offender PSF designation, he has been denied due process, but he has not alleged facts to support the denial of a liberty interest under the due process clause. A PSF does not implicate a constitutionally protected liberty interest. *Rodebaugh*, at 1 (order adopting Recommended Disposition, 2013 WL 1003676, *2 (February 12, 2013)).

In his reply, Mr. Burris relies on *Jones v. Stiff,* 2000 WL 34494817 (D. Minn. 2000) (unpublished decision) to support his argument that his due process claim is cognizable under § 2241. (#5) In that case, Jones, a § 2241 habeas petitioner, alleged that the BOP incorrectly assigned him a sex offender PSF, which rendered him ineligible for participation in the Residential Drug Abuse Treatment Program, including the possibility of a one-year sentence reduction. The BOP assigned the PSF because Jones's presentence report described one incident in his criminal history in which he was charged with

---

[1] To the extent Mr. Burris is challenging his conditions of confinement, these claims must be brought in a civil rights action. *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388 (1971).

criminal sexual assault, theft, aggravated assault, unlawful possession of a firearm, and unlawful use of a weapon.

The factual basis for all of those charges arose after Jones allegedly pulled a woman into his dormitory room and forced her to have sex with him. After several male students knocked on the door, Jones opened it and brandished a handgun. The woman later refused to testify, and all five charges were dismissed. Jones was recharged with aggravated assault, unlawful use of a weapon, and unlawful restraint. He later pleaded guilty to the last two charges.

Based on this record, the United States Magistrate Judge recommended granting Jones habeas relief because there was "insufficient evidence in the record to conclude that Petitioner's prior criminal history clearly indicates certain elements related to illegal sexual activity." *Jones,* 2000 WL 34494817 at 2. The United States District Judge adopted the Recommended Disposition and directed the removal of the sex offender PSF from Jones' institutional record. See *Jones v. Stiff,* 2000 WL 34494816 (D. Minn. 2000) (unpublished decision).

The *Jones* decision provides some support for Mr. Burris's claim that his petition is cognizable in a § 2241 habeas action. The court in *Jones*, however, made no analysis of the jurisdictional issue other than to imply that, because Jones was ineligible for the drug-treatment program due to his PSF, this might adversely affect the length of his sentence.

The *Jones* decision is contrary to a long line of cases holding that, because the BOP's assignment of a PSF does *not* implicate a constitutionally protected liberty interest affecting the length of confinement, a § 2241 habeas action is *not* the proper vehicle for

challenging an allegedly incorrect PSF assignment. See, *e.g.*, *Wilks v. Mundt,* 25 Fed. App'x. 492, 2002 WL 113837 (8th. Cir. 2002) (although the § 2241 habeas petitioner claimed that the BOP wrongfully refused to remove a sex offender PSF, which made him ineligible to participate in a drug treatment program that could have resulted in his early release, this claim "failed to implicate a protected liberty interest upon which he could base his procedural due process claim") (unpublished decision); *Day v. United States Dep't of Justice,* 275 Fed. App'x. 90 (3rd Cir. 2007) (district court did not err in rejecting claim of § 2241 habeas petitioner that assignment of sex offender PSF deprived him of liberty without due process: "[petitioner] had no liberty interest in the degree of his confinement") (unpublished decision); *Bazuaye v. Thompson,* 275 F.3d 55 (5th Cir. 2001) (§ 2241 habeas petition was properly dismissed where petitioner claimed that the incorrect assignment of a deportable alien PSF rendered him ineligible for possible early release through participation in a drug-treatment program, noting that there is "no constitutionally protected liberty interest in early release for completion of drug-abuse treatment").

Consistent with the Eighth Circuit's holding in *Wilks,* the Court concludes that the BOP's assignment of a PSF does not implicate a constitutionally protected liberty interest affecting the length of Mr. Burris's confinement. This is particularly true in this case, where the only adverse consequences Mr. Burris alleges as a result of his sex offender PSF are his ineligibility to be transferred to a minimum security facility, negative effects on his custody classification, and his inability to be transferred to a facility closer to his family.

Finally, Mr. Burris claims that Respondent violated the Privacy Act, 5 U.S.C. § 552a(j)(2), because the PSI in the BOP's Inmate Central Records System contains inaccuracies. The habeas statute, 28 U.S.C. § 2241, is not the proper vehicle for Mr. Burris to bring a claim for a violation of the Privacy Act, because it does not concern the *execution* of his sentence. See *Vera v. Outlaw*, No. 2:10CV94 JMM-JTK, 2010 WL 3718382, at 3 (E.D. Ark. Aug. 24, 2010), *report and recommendation adopted sub nom. Ventura Vera v. Outlaw*, No. 2:10-CV-00094 JMM, 2010 WL 3724532 (E.D. Ark. Sept. 14, 2010); *Butler v. Outlaw*, No. 2:08cv00192-JLH-JTR, 2010 WL 797186, 2 (E.D. Ark. 2010)[2] (concluding petitioner's due process challenge to his Sex Offender PSF failed to state a cognizable § 2241 claim, especially since the only adverse consequences alleged were inability to participate in certain programs and ineligibility for transfer to a camp facility). Further, the BOP's Inmate Central Records System is exempt from the Privacy Act. See 28 C.F.R. § 16.97. Accordingly, the Court cannot award Mr. Burris the relief he seeks—that is, amendment of the PSR itself.[3] *Brown v. Bureau of Prisons*, 498 F.Supp.2d 298, 301 (D.C. Cir. 2007).

---

[2] On March 10, 2010, the District Judge set aside the March 9, 2010 order and judgment to address the objections filed by Butler. Following Respondent's response to the objections, the Court approved and adopted in its entirety the proposed findings and recommended disposition of the United States Magistrate Judge.

[3] The Privacy Act permits suits only for damages for violations, not for injunctive relief. *Vera*, 2010 WL at FN5 (citing *Taylor v. Sniezek,* 2005 WL 1593671 at 2 (N.D. Oh. 2005) (citing 5 U.S.C. § 552a(g)(1)(C), and *Risley v. Hawk,* 108 F.3d 1396, 1397 (D.C. Cir. 1997) (per curiam)).

## IV.     Conclusion:

The Court recommends that Michael W. Burris's habeas corpus petition and addendum (#1, #2), be dismissed, without prejudice, for lack of habeas corpus jurisdiction.

DATED this 7th day of March, 2018.

_____
UNITED STATES MAGISTRATE JUDGE